IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JADE WILSON,

    Defendant.                                                                          Case No. 01-cr-40007-1-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

        Defendant Jade Wilson is serving a 240-month term of imprisonment which was imposed by this Court on December 3, 2001 (*see* Docs. 64 & 72). This term consists of 240 months on Counts 1, 2, 3, and 4, all to run concurrent with one another. On March 17, 2008, acting pro se, Defendant filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses Pursuant to **18 U.S.C. § 3582** (Doc. 100), along with a Motion for Leave to Proceed In Forma Pauperis (Doc. 101). The Court appointed the Office of the Federal Public Defender ("FPD") for the Southern District of Illinois as representative counsel for Defendant regarding the issue of a sentencing reduction in light of the amendments to the United States Sentencing Guidelines ("USSG") (Doc. 102), and counsel has filed a Motion to Withdraw (Doc. 106) on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to **18 U.S.C. § 3582(c)**. ***See Anders***

***v. California*, 386 U.S. 738, 744 (1967)**.  Defendant did not respond to the Motion to Withdraw, even though given an opportunity to do so (*see* Doc. 108).

**Section 3582(c)(2)** allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 994(o)**."  In doing so, the Court must consider the factors set forth in **18 U.S.C. § 3553(a)** and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  **18 U.S.C. § 3582(c)(2)**.  Thus, a defendant urging a sentence reduction under **§ 3582(c)(2)** must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  ***United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);** *see* ***United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009),** *cert. denied* ***Forman v. United States*, 129 S. Ct. 2817 (2009)**.

Defendant cannot satisfy the first criterion because she was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 994(o)**."  **18 U.S.C. § 3582(c)(2)**.  Amendments 706 and 711 amended U.S.S.G. §

2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. § 5G1.1(b) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts. **See Forman, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum.")**.

Defendant's sentencing guideline range was based on a 240-month *statutory* minimum. Because her sentence was based on a statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not her base offense level set forth in U.S.S.G. § 2D1.1, the amendments did not lower the guideline range, and thus, she cannot satisfy the first criterion under **18 U.S.C. § 3582(c)(2)** for obtaining a sentence reduction. The Court lacks subject matter jurisdiction to consider her reduction request. **See Forman, 553 F.3d at 588;** *Lawrence***, 535 F.3d at 637-38**.

The Court therefore **GRANTS** counsel's Motion to Withdraw (Doc. 106), **DISMISSES** Defendant's pro se Motion for Sentence Reduction (Doc. 100) for **lack of jurisdiction** and **FINDS AS MOOT** Defendant's Motion for Leave to Proceed In Forma Pauperis (Doc. 101). The Clerk is **DIRECTED** to mail a copy of this order to

Defendant Jade Wilson, #05283-025, FCI Waseca, Federal Correctional Institution, P.O. Box 1731, Waseca, MN 56093.

**IT IS SO ORDERED.**

Signed this 8th day of January, 2010.

/s/  David R Herndon

**Chief Judge**
**United States District Court**